FILED

2008 JAN -7 AM 11: 44

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

1  KAREN P. HEWITT
   United States Attorney
2  DAVID M. McNEES
   Special Assistant U.S. Attorney
3  California State Bar No. 216612
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-5979
   E-mail: david.mcnees@usdoj.gov
6
   Attorneys for Plaintiff
7  United States of America

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10 UNITED STATES OF AMERICA,        )  Civil No. 08 CV 0036 WQH CAB
                                    )
11                Plaintiff,        )
                                    )  EX PARTE MOTION TO APPOINT
12        v.                        )  THE UNITED STATES MARSHAL
                                    )  AS CUSTODIAN AND TO DEPOSIT
13 ONE 2003 MERCEDES BENZ S500,     )  DEFENDANT CURRENCY IN SEIZED
   CA LICENSE NO. 5YJP196,          )  ASSETS DEPOSIT ACCOUNT AND
14 VIN WDBNG75J53A329169, ITS       )  TO SUBSTITUTE THE RES
   TOOLS AND APPURTENANCES,         )
15                                  )
   $10,661.00 IN U.S. CURRENCY,     )
16                                  )
                  Defendants.       )
17 _____)

18        COMES NOW the plaintiff, United States of America, and moves this Court for an exception

19 to General Order 273 issued by this Court, that is, for an order appointing the United States Marshal as

20 custodian of the defendants upon execution of the warrant of arrest in rem. In support of this motion,

21 plaintiff states as follows:

22        1.     The United States Marshals office has been staffed with personnel experienced in

23 providing for the management of properties such as the defendants in this case.

24        2.     The United States Marshal has consented to assume responsibility for the protection,

25 maintenance, and safety of the defendants during the period the same remain in custodia legis.

26        3.     The continued custody of the United States Marshal following execution of the warrant

27 of arrest in rem is necessary and in the best interests of the plaintiff in this case, given the nature of the

28 //

defendants and the expertise within the United States Marshals Service to provide for the management, protection and preservation of the defendants.

4. The United States Marshal has established an account, the Seized Assets Deposit Account, for the deposit of seized currency until further order of the Court. It is further requested that the United States Marshal place the defendant currency in the Seized Assets Deposit Account administered by the United States Marshal. In the event any of the defendant currency is ordered to be returned to any claimant, the Court may order the payment of interest thereon. Depositing seized currency in such an account is proper. See, United States v. $57,480.05, 722 F.2d 1457 (9th Cir. 1984) (placing seized cash in bank account was not improper). The account credit of tangible dollars will constitute an appropriate substitute for the original defendant currency (res). Id.

WHEREFORE, plaintiff respectfully requests that an exception to General Order No. 273 be granted permitting the appointment of the United States Marshal as custodian of the defendants and that the defendant currency be deposited in the aforementioned account and the res be therefore substituted in this action.

DATED: January 7, 2008

KAREN P. HEWITT
United States Attorney

DAVID M. McNEES
Special Assistant U.S. Attorney