```
 1  KAREN P. HEWITT
    United States Attorney
 2  DAVID M. McNEES
    Special Assistant U.S. Attorney
 3  California State Bar No. 216612
    Federal Office Building
 4  880 Front Street, Room 6293
    San Diego, California  92101-8893
 5  Telephone: (619) 557-5979
    E-mail: david.mcnees@usdoj.gov
 6
    Attorneys for Plaintiff
 7  United States of America
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 08cv0036-WQH(CAB) |
| ) | |
| Plaintiff, ) | MEMORANDUM OF POINTS AND |
| ) | AUTHORITIES IN SUPPORT OF |
| v. ) | MOTION FOR JUDGMENT BY DEFAULT |
| ) | AS TO THE INTEREST OF ALL |
| ONE 2003 MERCEDES BENZ S500, ) | POTENTIAL CLAIMANTS |
| CA LICENSE NO. 5YJP196, ) | |
| VIN WDBNG75J53A329169, ITS ) | DATE: May 27, 2008 |
| TOOLS AND APPURTENANCES, ) | TIME: 11:00 a.m. |
| ) | CTRM: 4 |
| $10,661.00 IN U.S. CURRENCY, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

I

MEMORANDUM OF POINTS AND AUTHORITIES

A.   Introduction

This matter comes before the Court on Plaintiff's motion for default judgment. The verified complaint commencing this action against the Defendant was filed January 7, 2008, alleging forfeiture pursuant to Title 21, United States Code, Section 881(a)(4) and (6) (forfeiture of facilitating property and proceeds of narcotics trafficking). The complaint was verified by Drug Enforcement Administration Special Agent Bryan Smith. The present motion for default judgment seeks the forfeiture of the interest of Conway Ramon Darwin, Tamara Carter Darwin, and all other potential claimants.

//

**EXHIBIT 1**

**1**

**2**      B.      Statement of the Case

**3**      1.      On January 7, 2008, a verified complaint was filed in the above action in the United States District Court for the Southern District of California against the above-named defendant properties,

ONE 2003 MERCEDES BENZ S500, CA LICENSE NO. 5YJP196,
VIN WDBNG75J53A329169, ITS TOOLS AND APPURTENANCES, and

$10,661.00 IN U.S. CURRENCY.

2.      On January 14, 2008, the defendants were seized and arrested by a duly authorized United States Marshal, who thereafter took possession and custody of the defendants, pursuant to the Court's Order appointing the United States Marshal as custodian, dated January 9, 2008.

3.      On January 11, 2008, Notice of Judicial Forfeiture Proceedings and a copy of the Complaint for Forfeiture were sent by certified mail to the following potential claimants at their addresses of record:

| Name and Address | Article No. | Result |
|---|---|---|
| Anthony Alexander Darwin, Jr.<br>Booking #7757707<br>George F. Bailey Detention Facility<br>446 Alta Road, Suite 5300<br>San Diego, CA 92158 | 7004 2510 0003 3017 3758 | Signed for as received on 1/12/08 |
| Calvin Carter<br>276 El Camino Real, Space 112<br>Oceanside CA 92058-1704 | 7004 2510 0003 3017 3356 | Returned by Post Office On 1/15/08 marked "Not Deliverable as Addressed" (See second notice below) |
| Tamara Carter Darwin<br>Conway Ramon Darwin<br>c/o Aaron L. Turner<br>Attorney at Law<br>357 W. 2nd Street, Suite 11<br>San Bernardino CA 92401 | 7004 2510 0003 3017 3349 | Signed for as received on 1/16/08 |

4.      On or about January 14, 2008, the United States received a letter from Aaron L. Turner, attorney of record for Claimants Conway Ramon Darwin and Tamara Carter Darwin.  In the letter Attorney Turner stated that Claimant Conway Darwin was no longer contesting the forfeiture of the defendants.  He further stated that Claimant Tamara Carter (Darwin) was

1  substituting herself as attorney in this matter. He enclosed a Notice of Substitution of Attorney
2  pleading that was not filed in this case. A true and correct copy of the letter and pleading are
3  attached hereto as Exhibit 4.
4      5.    On January 24, 2008, Notice of Judicial Forfeiture Proceedings and a copy of the
5  Complaint for Forfeiture were sent by certified mail to potential claimant Calvin Carter at a new
6  address:

| Name and Address | Article No. | Result |
|---|---|---|
| Calvin Carter<br>1128 Turnstone Way<br>Oceanside CA 92057-7718 | 7004 2510 0003 3017 3789 | Signed for as received on or about 2/6/08 |

10      6.    On January 25, February 1 and 8, 2008, pursuant to Rule G(5) of the Supplemental
11  Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, notice was published in the
12  San Diego Commerce newspaper.
13      7.    From the time of said notices, no claim or answer has been filed regarding the
14  above-named defendant properties by anyone.
15      8.    On March 18, 2008, the United States filed a Declaration of and Request for Clerk's
16  Entry of Default as to All Potential Claimants, and on March 20, 2008, the Clerk entered that
17  default.
18      C.    <u>Statement of Facts</u>
19      1.    In March 2007 Drug Enforcement Agency agents began an investigation of Anthony
20  Darwin ("Darwin") relating to cocaine trafficking. In May 2007, agents initiated a Title III
21  wire intercept of telephones used by members of the organization. During the monitoring of the
22  wire, agents intercepted many calls involving Darwin setting up and speaking of narcotic
23  transactions. Surveillance of Darwin following some of these transactions confirmed the
24  conversations on the telephone and allowed agents to observe narcotic sales-related activity. Many
25  of these transactions were accomplished while Darwin was driving the defendant 2003 silver
26  Mercedes Benz S500. In particular, agents are aware that the defendant vehicle was used to
27  transport $155,000 to Riverside for a deal involving 10 kilograms of cocaine. Agents were also
28  aware that the defendant vehicle was driven to 1315 East Grand in Escondido to pick up currency

1 | involved in narcotic sales.  Darwin was driving the defendant vehicle during these transactions.

2 |   2. On August 2, 2007, Darwin was arrested for narcotic sales charges. While Darwin was in custody, agents intercepted a call he made to his girlfriend, Tamara Carter ("Carter"). Darwin told Carter to take the remainder of the money out of the safe and move it to a safe place. Agents also intercepted a call in which Darwin told his brother, Conway Ramon Darwin ("Ramon"), to try to get the car back to help pay his attorney's fees. Ramon was identified on the phone wires as being involved in narcotic transactions.

  3. On August 3, 2007, agents served a search warrant at Darwin's residence on Benetta Court in Wildomar, California. While waiting to execute the warrant, agents observed Carter arrive at the location. Agents contacted Carter and she agreed to speak with the agents inside of the residence. Agents asked Carter for identification and were told it was in her purse. Agents later looked in her purse and located a large amount of U.S. currency. The currency was later determined to be $10,661, the defendant currency. Most of the currency was wrapped in rubber bands. Carter claimed there was approximately $7,000 in currency, and that she had received the money from her father to bail Darwin out. Agents later contacted Mr. Carter who claimed he had recently given his daughter approximately $4,000. Mr. Carter could not remember how the money was wrapped, and changed his story about what denominations the currency was in. Agents later located an empty safe in the residence. Agents also later located over $50,000 in U.S. currency at Carter's mother's house. Carter and her mother later admitted that Carter had taken the large amount of currency to her mother's home at 1315 East Grand in Escondido after emptying the safe in her residence.

  D. <u>Deadlines for Filing a Claim and Answer</u>

This civil forfeiture action is an in rem proceeding which is governed by Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims. Pursuant to Rule G(5), a verified claim must be filed with the Clerk of the United States District Court, Southern District of California, with a copy to the Government attorney, within thirty-five (35) days after service of the Notice of Judicial Forfeiture Proceedings, or within such additional time as the

1  court may allow. An answer must be filed and served within twenty (20) days thereafter, pursuant
2  to Title 18, United States Code, Section 983(a)(4)(B).

4  Supplemental Rule G(5) provides in pertinent part: "The claim must: (A) identify the specific
5  property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) be
6  signed by the claimant under penalty of perjury; and (D) be served on the government attorney
7  designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).
8       The plaintiff served notice of forfeiture on all known potential claimants on January 11 and
9  24, 2008. From the time of said notice, no claim or answer has been filed by any potential
10 claimants regarding the above-named defendant. (See Declaration of David M. McNees, attached
11 hereto as Exhibit 3.)

     E.    <u>The Government Establishes Its Case by a Preponderance of the Evidence</u>

14      Pursuant to the Civil Asset Forfeiture Reform Act of 2000 the burden of proof in civil
15 forfeiture cases is a preponderance of the evidence. Title 18, United States Code, Section 983(c)
16 states in pertinent part:

17     In a suit or action brought under any civil forfeiture statute for the civil forfeiture of any property -

19     (1)    the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture;

20     (2)    the Government may use evidence gathered after the filing of the complaint for forfeiture to establish, by a preponderance of the evidence, that the property is
21     subject to forfeiture; and

22     (3)    if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the
23     commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense.

25      The Government's evidence is undisputed by any claimant. Thus, the Government has
26 shown by a preponderance of the evidence that the defendant was properties were involved in a
27 transaction or attempted transaction, or were properties traceable to property involved in violation

1 | of Chapter 13, Title 21, United States Code, pursuant to Title 21, United States Code, Section
2 | 881(a)(6).

Pursuant to the allegations in the verified complaint that the defendant property constitutes money or other things of value furnished in exchange for a controlled substance, or property that facilitated narcotics trafficking, the Government has both proven its case by a preponderance of the evidence and established the requisite nexus between the defendant and the offense.

II

CONCLUSION

For the foregoing reasons, it is requested that the interest of Conway Ramon Darwin, Tamara Carter Darwin, and any other potential claimants be ordered condemned and forfeited to the United States according to the request herein.

DATED:  April 22, 2008.

        KAREN P. HEWITT
        United States Attorney

        s/David M. McNees

        DAVID M. McNEES
        Special Assistant U.S. Attorney
        Attorneys for Plaintiff
        United States of America
        E-mail: david.mcnees@usdoj.gov