# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br>　vs.<br>ONE 2003 MERCEDES BENZ S500, CA LICENSE NO. 5YJP196, VIN WDBNG75J53A329169, ITS TOOLS AND APPURTENANCES, and $10,661.00 in U.S. CURRENCY,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 08CV36 WQH (CAB)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT BY DEFAULT |

HAYES, Judge:

　　Pending before the Court is Plaintiff's motion for judgment by default. (Doc. # 9). The Court finds this matter suitable for submission on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1).

## BACKGROUND

　　In March 2007, the United States Drug Enforcement Agency (DEA) began investigating Anthony Darwin for cocaine trafficking. *Verified Complaint (Ver. Compl.)*, ¶ 3. As part of the investigation, the DEA set up a wire to intercept certain telephone calls. *Ver. Compl.*, ¶ 3. During the monitoring of the wire, DEA agents intercepted many calls "involving Darwin setting up and speaking of narcotic transactions." *Ver. Compl.*, ¶ 3.

　　DEA agents surveilled Darwin after learning of the narcotic transactions, and observed Darwin

accomplish narcotic transactions while driving Defendant One 2003 Mercedes Benz S500. *Ver. Compl.*, ¶ 3. DEA agents "are aware that the defendant vehicle was used to transport $155,000 to Riverside" as part of a narcotics transaction, and was also driven to Escondido for a similar purpose. *Ver. Compl.*, ¶ 3.

On August 2, 2007, agents arrested Darwin for narcotic sales charges. *Ver. Compl.*, ¶ 3. Thereafter, DEA agents intercepted a call Darwin made to his girlfriend, Tamara Carter, in which Darwin asked Carter to "take the remainder of the money out of the safe and move it to a safe place." *Ver. Compl.*, ¶ 3. When agents served a search warrant on Darwin's house on August 3, 2007, the agents observed Carter arrive at the house. *Ver. Compl.*, ¶ 3. DEA agents later found $10,661.00 in Carter's purse. *Ver. Compl.*, ¶ 3. Carter and her mother admitted that Carter had taken a large amount of currency to her mother's house in Escondido after emptying the safe in her residence. *Ver. Compl.*, ¶ 3.

On January 7, 2008, Plaintiff United States filed a Verified Complaint for forfeiture against Defendants One 2003 Mercedes Benz S500 and $10,661.00 in United States currency. (Doc. # 1).[1] The Verified Complaint alleged that Defendant One 2003 Mercedes Benz S500 was a thing of value furnished or intended to be furnished in exchange for a controlled substance, or was intended to be used to transport or to facilitate the transportation or sale or receipt of a controlled substance. (Doc. # 1 at 3). The Verified Complaint alleged that Defendant $10,661.00 in United States currency was a thing of value furnished or intended to be furnished in exchange for a controlled substance, or represented the proceeds traceable to an exchange for a controlled substance. (Doc. # 3 at 3).

On January 9 and 10, 2008, Defendants were seized and arrested. (Docs. # 3-4). On January 11, 2008, Plaintiffs sent notice of judicial forfeiture proceedings and a copy of the Verified Complaint to potential claimants Anthony Darwin, Jr., Calvin Carter, and Tamara Carter Darwin. *Declaration of David McNees*, ¶ 4. On January 24, 2008, Plaintiff sent notice of judicial forfeiture proceedings and a copy of the Verified Complaint to putative claimant Calvin Carter at an additional address. *McNees Decl.*, ¶ 6. On January 25, February 1 and 8, 2008, Plaintiff published notice of the forfeiture

---

[1] A plaintiff's verified complaint may be considered as evidence by the Court where it is based upon personal knowledge and sets for specific facts admissible in evidence. *Lopez v. Smith*, 203 F.3d 1122, 1132 fn. 14 (9th Cir. 2000).

proceedings in the San Diego Commerce newspaper. *McNees Decl.*, ¶ 7.

No claim or answer has been filed by any person with respect to these forfeiture proceedings or Defendants. *McNees Decl.*, ¶ 8.

On April 22, 2008, Plaintiff filed the pending motion for judgment by default. (Doc. # 9). No person has responded to or opposed the motion.

## DISCUSSION & ORDER

Pursuant to 18 U.S.C. § 983(a)(4)(A), in any case where the United States files a complaint for forfeiture, a claimant must file a claim "not later than 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint."  18 U.S.C. § 983(a)(4)(A).  Pursuant to 18 U.S.C. § 983(a)(4)(B), a claimant must also file an answer to the complaint, "not later than 20 days after the date of the filing of the claim."  18 U.S.C. § 983(a)(4)(B).  The Supplemental Rules for Certain Admiralty and Maritime Claims, which govern civil forfeiture proceedings in federal court, also require a putative claimant to file claims and answers. *See* Supp. Rule C(6).

The plaintiff has the burden of proving that property is subject to forfeiture by a preponderance of the evidence. *See* 18 U.S.C. § 983(c).

No claimant has filed either a claim or an answer in these proceedings.  The Court finds that Plaintiff adequately noticed all putative claimants by mailing a copy of the Verified Complaint for forfeiture to the putative claimants, and by publishing notice in a public periodical. *See* Supp. Rule C(4); 18 U.S.C. § 983(a).  After reviewing the record, the relevant statutory and case law, as well as the pleadings, the Court concludes that Plaintiff has met its burden to establish that Defendants One 2003 Mercedes Benz S500 and $10,661.00 in currency are subject to forfeiture.  The undisputed facts establish by a preponderance of the evidence that the Defendants constitute money or things of value furnished in exchange for a controlled substance, and that there was a substantial connection between Defendants and the narcotics offenses. *See* 18 U.S.C. § 983(c); 21 U.S.C. § 881(a)(6).  In addition, the undisputed evidence establishes by a preponderance of the evidence that Defendant One 2003 Mercedes Benz S500 was involved as a means of transportation in narcotics transactions. *See* 21 U.S.C § 881(a)(4).

1       The named Defendants are subject to forfeiture, and the Plaintiff has properly notified putative claimants. Accordingly, Defendants One 2003 Mercedes Benz S500 and $10,661.00 in United States currency shall be and are hereby condemned and forfeited to the United States. Plaintiff's motion for judgment by default (Doc. # 9) is GRANTED. The Clerk of the Court is ordered to close this case.

**IT IS SO ORDERED**.

DATED: June 6, 2008

                                            **WILLIAM Q. HAYES**
                                            United States District Judge